## KAHN v. BRILLIANT et al.

### No. 15,170; December 30, 1893.

#### 35 Pac. 309.

**Instructions.—It is not Error to Refuse an Instruction** which has been already substantially given.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Action by Henry Kahn against Abraham I. Brilliant and William H. Byington. From a judgment in favor of defendant Byington, plaintiff appeals. Affirmed.

Naphtaly, Friedenrich & Ackerman for appellant; C. L. Weller and McCreery & Byington for respondent.

BELCHER, C.—The plaintiff brought this action to recover the value of certain goods, wares and merchandise alleged to have been sold and delivered to the defendants, who were co-

partners doing business under the firm name of A. I. Brilliant & Co. The defendant Byington only appeared, and by his answer he denied that he was a partner with the other defendants. The case was tried by a jury, and the verdict and judgment were in his favor. From this judgment and an order denying his motion for a new trial the plaintiff appeals.

The only point made for a reversal is that the court erred in refusing to give to the jury a certain instruction asked by the plaintiff. In charging the jury, the court, among other things, said: "Now, there are two essential points in dispute here, and it is around these two points that your deliberations must crystallize. These points are substantially these: Was or was not Mr. Byington a partner in this firm of A. I. Brilliant & Company on or after December 17, 1889? Or, if he was not a partner, did he (Mr. Byington) permit himself to be held out or represented as a partner in such firm at any time to third persons, who gave credit to such firm on the strength or faith of such representations?" The court, then, after stating the law very fully as to general and special partnerships, and as to the liability of every general partner, read to the jury sections 2444 and 2445 of the Civil Code, which are as follows:

"Sec. 2444. Anyone permitting himself to be represented as a partner, general or special, is liable as such to third persons to whom such representation is communicated, and who on the faith thereof give credit to the partnership.

"Sec. 2445. No one is liable as a partner who is not such in fact, except as provided in the last section."

Following this, the court said: "If you should find, from the evidence, that Mr. Byington was in fact a partner (as I have explained that term to you) in the firm of A. I. Brilliant & Company on and after December 17, 1889, then I charge you your verdict must be in favor of the plaintiff for such amount as may have been proven here, which you will get later on. Again, if you find from the evidence that Mr. Byington was not in fact a partner in such firm on or after December 17, 1889, but should find that Mr. Byington permitted himself to be held out or represented as a partner in such firm at any time to third persons, and such third persons gave credit, on the faith of such representations, to such firm, then Mr. Byington would be liable to such persons, and your verdict should

then be in favor of the plaintiff; but only, of course, for such amounts of credits as may have been given to those third persons who gave credit on such representations, if any you find to have been so given.'' The instruction asked by plaintiff, and refused, was in these words: ''When an individual permits others to hold him out as a partner, or by his acts and declarations creates in the mind of another a reasonable belief that he is a member of a partnership, he is liable to the person so believing, on a bona fide contract made by the latter with a member of such firm in the regular course of business, although in fact no such partnership existed.'' It is admitted that the instruction was refused upon the ground that it had already been given in substance and effect, and we think the refusal was justified. The charge as given stated the law upon the subject referred to in the refused instruction fully and fairly; and as has been many times held by this court, a trial court is not bound to repeat itself at the request of counsel. After it has already given an instruction which substantially covers a question involved in the case, all other instructions on the same subject may well be refused. The authorities to this effect are numerous, and need not be cited. The judgment and order should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.